UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DARRION LARRY ALEXANDER, | ) | No. CV 14-04138-ODW (VBK) |
| Petitioner, | ) ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS |
| v. | ) ) | CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| JOHN SOTO, | ) ) | |
| Respondent. | ) ) | |

On May 29, 2014, Darrion Larry Alexander (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. §2254." Petitioner was convicted by a jury on May 5, 1998 in the Los Angeles County Superior Court, Case No. BA159821 of first degree residential burglary, first degree residential robbery, and unlawful driving or taking of a vehicle. (See Petition at 2.) Petitioner was sentenced to 27 years and 16 months in state prison. (Id.) Petitioner contends that the trial court abused its discretion in violation of Petitioner's Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment rights to the Constitution. (See Petition at 5; attached pages 1-8.)

It appears from the face of the petition that it is directed to

1  the same 1998 Los Angeles County Superior Court conviction as a prior
2  habeas petition filed by Petitioner in this Court on September 3,
3  2009, in Case No. CV 09-06428-FMC (VBK).[1]  On November 30, 2009,
4  Judgment was entered in Case No. 09-06428-FMC (VBK) dismissing the
5  petition with prejudice, pursuant to the District Judge's Order
6  approving and adopting the Magistrate Judge's Memorandum and Order
7  Dismissing Habeas Petition as Time Barred.

    The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[1] The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On September 3, 2009, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. CV 09-06428-FMC (VBK). In this Petition, Petitioner raised the following claims: "(1) Ineffective assistance of counsel; and (2) This Court must reduce Petitioner's high term sentence to the middle term based on the United States Supreme Court holdings." (See Petition at p. 5.)

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."

  (Emphasis Added.)

  The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

//
//
//
//
//
//
//
//
//

3

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 9, 2014

OTIS D. WRIGHT II
SENIOR UNITED STATES DISTRICT JUDGE

Presented on
June 3, 2014 by:

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE